12506.    CHANDLER *v.* AMERICAN CENTRAL LIFE INSURANCE
COMPANY.

JENKINS, P. J. The conditional receipt, given by the life-insurance company for the premium check tendered on the last day for payment, was not in terms or in legal effect a receipt for the premium, but only for the check, coupled with what amounted to an extension agreement conditioned, however, upon payment of the check on its presentation. Here, contrary to the facts in *Veal* v. *Security Mutual Life Insurance Co.,* 6 *Ga. App.* 721 (65 S. E. 714), the company did not accept the

check as in payment of the premium, nor did it even, after notice of dishonor of the check, continue to claim liability and demand payment thereon, but, on the contrary, it expressly limited its acceptance of the check to its actual payment, and, after the check had been dishonored, promptly notified the insured of the policy's lapse, coupling the notice with an unaccepted offer of reinstatement, based, not upon the payment of the check, but upon the payment of the premium together with interest thereon from the date on which the premium became due. The dishonored check should have been voluntarily returned; but, since the action taken by the defendant company had placed it beyond its power to enforce payment thereon, its mere physical retention would not render the company liable on the policy, which had been declared lapsed, and which the insured, on invitation, had failed to reinstate. Under the agreed statement of facts under which this case was tried, the judge did not err in directing a verdict in favor of the defendant. See *State Life Ins. Co.* v. *Tyler*, 147 *Ga.* 287 (93 S. E. 415); *Belmont Farm* v. *Dobbs Hardware Co.*, 124 *Ga.* 827, 828 (53 S. E. 312). See also *French v.* Columbia Life & Trust Co., 80 Oreg. 412 (156 Pac. 1042, Ann. Cas. 1918D, 484); N. Y. Life Ins. Co. *v.* Evans, 136 Ky. 391 (124 S. W. 376); *Moreland v.* Union Central Life Ins. Co., 104 Ky. 129 (46 S. W. 516).

*Judgment affirmed. Stephens and Hill, JJ., concur.*

DECIDED DECEMBER 14, 1921.

Action on insurance policy; from Haralson superior court — Judge Irwin. April 20, 1921.

Helen M. Chandler sued the American Central Life Insurance Company upon an insurance policy for $1,000, of which she was beneficiary, that the defendant had issued upon the life of Luna E. Chandler. The pleadings and the agreed statement of facts upon which the case was tried show that the policy was issued and delivered on July 28, 1915, that the first annual premium of $30.83, due July 28, 1915, was paid, that the second annual premium, due July 28, 1916, was paid, and that the third annual premium, due July 28, 1917, was not paid, but that on August 27, 1917, within the 31 days of grace allowed for the payment of premiums, the insurance company received at its home office a check drawn by Luna E. Chandler and payable to it, for the amount of the premium, which check was dated at Tallapoosa, Ga., August 24, 1917, and was drawn on the Bank of Tallapoosa, Ga. Upon receipt of the check the company issued a premium receipt, dated August 27, 1917, and mailed it to the insured. The receipt is set out in full in the plaintiff's petition, and contains the following stipulation: "Any tender is accepted subject to the terms and conditions of the policy, and to ultimate cash payment." On the face of the receipt are the number of the policy, the amount of the premium, and the name of the assured, and, at the bottom, the

word " Over;" and on the reverse side appear several stipulations and the signatures of two officers of the company. The check was duly presented for payment, and payment was refused because the assured did not have sufficient funds on deposit with the drawee bank to cover the check. On September 15, 1917, the company sent to the assured a letter, which, among, other things, said: " This check comes back to us to-day  .   .   unpaid, and the policy therefore is in the same position as though your check had not been received. We are enclosing reinstatement application for your completion, which we ask that you return to us at once with your remittance, $30.83, plus interest at the rate of 6% per annum from July 28, 1917, to the date of such remittance, when the reinstatement application will have our prompt attention." The company received no reply to this letter, and on September 28, 1917, sent to the assured a letter calling attention to the fact that the premium had not been paid, and requesting him to forward $30.83 plus interest from July 28, 1917, and also to sign the reinstatement application which was enclosed. The assured did not reply to either of the letters, and took no action in regard to the premium or check. On August 27, 1917, the date on which the check was received by the company in Indianapolis, the assured had on deposit in the Bank of Tallapoosa, subject to check, $5.29 ; and from August 27, 1917, to November 28, 1917, the assured's account with the bank was either overdrawn or amounted to less than $30.83. The assured died on March 16, 1918, and proofs of death were furnished to the company by the beneficiary, and payment of the policy was refused by the company. Under the terms of the policy, it would not have had any extension-insurance value until after the payment of the third annual premium. On motion of the defendant's attorneys the court directed a verdict for the defendant.

*H. J. McBride,* for plaintiff.

*Bryan & Middlebrooks, Woolen, Cox & Welliver,* for defendant.