## 20090. NATIONAL BENEFIT LIFE INSURANCE COMPANY *v.* BROWN.

DECIDED JUNE 13, 1930. REHEARING DENIED SEPTEMBER 6, 1930.

*M. C. Edwards, H. A. Wilkinson, Tye, Thomson & Tye,* for plaintiff in error.

*R. R. Jones,* contra.

JENKINS, P. J. (After stating the foregoing facts.)

1. Under the ruling made by this court in *Veal* v. *Security Mutual Life Ins. Co.,* 6 *Ga. App.* 721 (65 S. E. 714), the retention by an insurance company of a dishonored insurance-premium check, coupled with a claim of liability thereon as against the insured, amounting to a claim of ownership of the check by the company, will constitute an acceptance of the check as in payment of the premium, such as will prevent a forfeiture of the policy. The reason for such a variance from the general rule, that checks are not accounted payment until they themselves are paid, is based upon the fact that no obligation rests on the insured to pay the premium, other than that such payment constitutes a condition precedent to his maintenance of the policy, and that upon a tendered check being dishonored, the company may elect either to treat the premium as unpaid and the policy as lapsed, or, by laying claim to the check as an obligation against the insured, continue the policy in force by virtue of the check being treated as payment. But in order to give this principle effect, the check must be accepted in lieu of actual payment, so as to give the insurer the absolute right to hold the drawer of the check liable thereon (*Chandler* v. *American Central Life Ins. Co.,* 27 *Ga. App.* 810, 109 S. E. 919), the crucial test in any given case being whether or not the check was actually accepted as in payment of the premium. 40 A. L. R. 406, 423 (n 4).

2. An insurance company will be held to any waiver of its right to a forfeiture under the terms of the policy, made at any time prior to the death of the insured. Accordingly, although by the terms of a policy the premium is payable in advance and in cash, the company, by accepting for transmission and collection a check received by it on or after the last day of grace, binds itself to extend the period of grace until the time required to present the

draft at the bank upon which it is drawn. Not having receipted for the premium or accepted the check except for collection, on such presentation and on dishonor of the draft, the benefits of the insured under the company's waiver become exhausted, and in the absence of an additional waiver the policy becomes forfeited. Philadelphia Life Ins. Co. *v.* Hayworth, 296 Fed. 339 (3).

3. While, as already stated, an insurance company is bound by any waiver of its right to a forfeiture under the terms of the policy, made at any time prior to the death of the insured, such an attempted waiver by which the company seeks to continue the contract of insurance in force after its right to a forfeiture has accrued is ineffectual to bind the company, if such an attempt to continue the contract of force by waiving its right to the forfeiture occurs after the death of the insured and at a time when the policy itself has become functus officio. Accordingly, where, after the dishonor and return of a premium check by the drawee bank, and at a time when the period of grace had expired, the insured died, and subsequently the beneficiary named in the policy telegraphed the company that the check would be paid upon being again presented, and the company, in ignorance of the previous death of the insured, addressed a letter to the deceased, plainly implying that the dishonored check had not been accepted and was not being held as in payment of the premium, but that "it will be necessary for you to make good this amount by post-office money order or cashier's check, in order that your contract may be continued in force on our records from June to September," and where, in response to this communication by the company to the insured, then already deceased, the beneficiary in the policy forwarded the amount of the premium, which the company, still in ignorance of the insured's death, accepted as payment to continue the policy in force for the period covered by the payment, such an attempt on the part of the company to again waive its right to a forfeiture by extending the time within which payment might be made was ineffectual, for the reason that in order for such a waiver to be effectual it was necessary that it be made prior to the death of the insured, and not after the policy had not only lapsed but had become functus officio by reason of the death of the insured before the second attempt to waive the forfeiture.

The case of Mutual Benefit Life Ins. Co. *v.* Chattanooga Savings Bank, 47 Okla. 748 (150 Pac. 190, L. R. A. 1916A, 669), is distinguishable on its facts from the instant case. In that case it was held that the acceptance of a check for transmission and collection on the last day of the period of grace constituted a waiver of the company's right to a forfeiture until the check was transmitted to the drawee bank for presentation and payment. In that case, contrary to the facts in the instant case, the insured died during the time covered by such waiver, whereas in the instant case the check had been dishonored and returned during the life of the insured, upon which the rights of the insured under the waiver became exhausted, and the attempt to prolong the period of waiver during which the company would accept payment was made after the policy had become functus officio and dead by reason of the previous death of the insured.

4. Under the foregoing rulings, a judgment in favor of the defendant was demanded by the evidence, and the court erred in overruling the motion for a new trial.

> *Judgment reversed. Stephens and Bell, JJ., concur.* ·