## 25948.   DAVENPORT *v.* METROPOLITAN LIFE INSURANCE COMPANY.

DECIDED MARCH 20, 1937.

*J. B. McGinty,* for plaintiff.
*W. G. Cornett, Smith, Smith & Bloodworth,* for defendant.

FELTON, J.   It is agreed and contended by counsel for both parties in this case that the payment and the acceptance of overdue premiums on a policy of life insurance should be credited as of the date they became due according to the terms of the policy. This action was brought by Jesse Davenport against the Metropolitan Life Insurance Company, to recover premiums paid under a policy of life insurance, for an alleged wrongful refusal by the company to accept premiums tendered by the assured.   The exhibit attached to the petition shows that the policy was issued in March, 1928, and that all premiums from the date of issuance until August, 1930, were paid on or before the expiration of the

thirty-one days grace period allowed by the policy. The August and September, 1930, premiums were paid one day after the expiration of the grace period. The November, 1930, premium was paid on January 3, 1931, thirty-three days after the expiration of the grace period. All the premiums in 1931 were paid within the grace period, with the exception of the December premium, which was paid one day after said expiration. From January, 1932, to March, 1933, there were six premiums which were paid after the expiration of the grace period, the only premium not paid within one day of said expiration being the March, 1933, premium, which was paid two days after said expiration. From April, 1933, through December, 1934, for a period of twenty-one months, each premium was paid when due, or before the expiration of the grace period.

The only question here for decision is whether or not the company by its conduct has induced the insured to believe that it would not require strict compliance with the terms of the policy. We think that it has not. Since there appears but two consecutive instances where the company accepted the overdue premiums, and other isolated instances of accepting the premiums that were overdue, it is not sufficient to bring the case within the rule, especially in the absence of an averment by the plaintiff that he had been led to believe that the company would accept the premiums if they were paid within a reasonable time after the expiration of the grace period. Further than that, we have in this case twenty-one consecutive premiums paid according to the terms of the policy, next preceding the ones tendered and refused as being too late; and this is sufficient to overcome any previous course of conduct which may or may not have been established. Under the facts in this particular case, and the agreement of counsel, it was not error to dismiss the action.

*Judgment affirmed. Stephens, P. J., and Sutton, J., concur.*