34788. PROGRESSIVE LIFE INSURANCE COMPANY *v.* REEVES, Administratrix, *et al.*

DECIDED MARCH 17, 1954—REHEARING DENIED APRIL 2, 1954.

**902**

*Boykin & Boykin,* for plaintiff in error.

*O. W. Roberts, Jr., Robert D. Tisinger,* contra.

QUILLIAN, J. ■ Upon the trial of the case, the evidence did not show that any blank note was given by Mr. Reeves, the insured to Percy S. Smith, the general agent of the defendant insurance company with instructions to fill it in for the amount sufficient to pay the next three ensuing premiums, including that due May 3, 1950, the payment of which would have prevented the policy from lapsing prior to Mr. Reeves' death on June 4, 1950.

The agent, Mr. Smith, testified that the note was in his possession to cover the premium payment due May 3, 1950, but, in view of his explanation of the transaction, his testimony and that of his daughter and employee established without dispute that the blank in the form of a promissory note was delivered to her under the following circumstances: The note was signed by Mr. Reeves, and was blank as to amount, date, time of maturity, and payee. The insured never at any time gave the general agent, Smith, instructions or authority to fill in any of the blanks contained in the note. The only communication that was had between them was through the medium of messages carried between them by Mr. Smith's daughter and employee, Miss Sylvia Smith. The blank note was handed by the insured to Miss Smith with the understanding that, if the insured decided to keep the policy in force, he would see Mr. Smith and arrange to do so. Mr. Reeves, at the time he handed the note to Miss Smith, told her that he had not decided whether he would keep or drop the insurance, or whether he would carry it for the same amount if he did keep it, or whether he would carry it for a small amount or whether, if he decided to carry the insurance, he would arrange with her father to pay the premiums on a quarterly or yearly basis. In these circumstances, the paper in the form of a note was not effective as creating an obligation of the insured to the defendant or to its general agent, Smith, for the reason that the paper was never delivered for the purpose of giving it effect as a note or other written obligation to pay money. Since

neither party had assented to all the terms and conditions of the note, the contract was incomplete and not binding and enforceable. Code § 20-108. It follows that the premium due May 3, 1950, was not paid by the note.

The plaintiff contended without pleading, that the insurance company by reason of a course of dealing with the insured, lulled the insured into confidence that the premium due May 3, 1950, would be accepted after it was past due and after the days of grace in which it could be paid agreeably to the terms of the policy had expired, and that the insurance company was thereby estopped to insist upon a forfeiture of the policy and of the beneficiaries' right thereunder. The policy provided that a note might be taken in payment of premiums; for the first quarterly premium the insurance company accepted a note signed by the insured, made payable to the general agent, Smith, and secured by Smith's endorsement. This was the only instance where a premium was carried past its due date. Since on that occasion no extension in which to pay premiums except as provided by the policy was granted the insured on his own credit, and none on any other occasion, the insurance company had done nothing to lead him to think that any such indulgence would be granted him. Neither would the acceptance of one premium after the days of grace, ordinarily constitute such course of dealing as in *Davenport* v. *Metropolitan Life Ins. Co.*, 55 *Ga. App.* 553 (190 S. E. 872).

The court erred in denying the motion for a new trial.

*Judgment reversed. Felton, C. J., and Nichols, J., concur.*