40724.   KERSH v. LIFE & CASUALTY INSURANCE
COMPANY OF TENNESSEE.

DECIDED JUNE 2, 1964.

794

*Paul C. Myers, William I. Aynes,* for plaintiff in error.

*Edenfield, Heyman & Sizemore, William F. Buchanan, William H. Major,* contra.

RUSSELL, Judge. ■ The presumption is, where the law of another of the 13 original States is not pleaded and proved, that it is the common law as interpreted by this State. *Trustees of Jesse Parker Williams Hospital v. Nisbet,* 189 Ga. 807, 811 (7 SE2d 737). The burden is upon one contending that the law

in such State is different from that laid down in the Code to allege and prove such fact. *Wells v. Gress,* 118 Ga. 566 (2) (45 SE 418). An appropriate receipt may of itself be considered a contract (17 CJS 726, Contracts, § 57), but whether this would be true of a receipt for a premium payment issued and received in South Carolina for an insurance contract delivered to the insured in Georgia need not here be considered. Even assuming that the receipt was of itself a contract and that this contract was a South Carolina contract because exchanged there for a consideration which thereafter partly failed, the question of what law governs relates not to the existence but to the legal effect of the instrument. The movant, in this case the defendant insurance company, may by failing to plead any differing South Carolina law present its case for decision under the law of this State, as it in fact did. The plaintiff in opposing the motion would, if not satisfied to have it decided under the provisions of the Georgia Code, have the burden cast on her to plead and prove that other law was in fact applicable. It is no ground for contesting the grant of the motion on its merits that the movant did not plead the law of South Carolina, since the result of such failure only raises the presumption that the law of Georgia prevails.

■ The provisions on the reverse side of this receipt to the effect that a returned check is not payment in this case does no more than call to the attention of the recipient what is in fact the law of this State to the effect that a check is not payment until itself paid unless explicitly taken with a contrary understanding. *Code* § 20-1004. *Winton v. Butler,* 53 Ga. App. 696, 699 (186 SE 773). In *Veal v. Security Mut. Life Ins. Co.,* 6 Ga. App. 721 (1) (65 SE 714) it was stated: "If the holder of a policy of life insurance sends to the company on the day the premium is due a check in payment thereof, and when the check is presented at bank, payment is refused because of lack of funds to the credit of the drawer, the company, although it has delivered the premium receipt to the insured, may, by taking the proper steps, repudiate the transaction for the legal fraud resulting from the insured's having sent a check without having in bank the funds to meet it, and may enforce a lapse of the

policy for non-payment of the premium. But if the company, in such a case, after notice that the check has been dishonored, retains it, and, instead of repudiating the transaction by returning the check and demanding back its receipt, insists upon the insured's paying it after the date on which the policy would otherwise have lapsed, a waiver of the punctual payment of the payment in cash results." Where on the other hand after notice of dishonor of the check the insurance company does not continue to claim liability but notifies the insured of the lapse which it couples with an offer of reinstatement not accepted by the insured, a verdict is demanded in favor of the company's contention that the policy has lapsed. *Chandler v. American Central Life Ins. Co.,* 27 Ga. App. 810 (109 SE 919). "It is a generally accepted rule that where a check is taken for an insurance premium, it will ordinarily be assumed that the acceptance was conditioned upon the check's being honored upon proper presentation, so that if payment is refused, and in the meantime the period in which payment could be made has elapsed, the insurer may declare the policy forfeited for nonpayment." 50 ALR 2d, Anno., 630, 639 and citations. And where as here the company attempted to locate the insured to inform him of the fact that the check had not cleared but was unable to do so because the insured had departed without leaving a forwarding address, the company did all that it reasonably could under the circumstances and the fact that it retained the check and the $1.25 is insufficient to show a waiver on its part of the payment provision. "Waiver is a voluntary relinquishment of some known right, benefit, or advantage, which, except for such waiver, the party otherwise would have enjoyed." *Gray Lumber Co. v. Harris,* 8 Ga. App. 70, 76 (68 SE 749); *New York Underwriters Ins. Co. v. Noles,* 101 Ga. App. 922, 924 (115 SE2d 474). The inability of the company to contact the insured, due entirely to the fault of the latter, did not constitute a voluntary relinquishment by the company of its right to insist on a cash payment of the premium or its right, in the absence of this, to declare the policy lapsed.

The trial court did not err in granting the motion for summary judgment.

*Judgment affirmed. Nichols, P. J., and Hall, J., concur.*