## 47527. ROBERTSON v. SOUTHLAND LIFE INSURANCE COMPANY.

EBERHARDT, Presiding Judge. Mrs. Linda Robertson brought suit against Southland Life Insurance Company as beneficiary of a life insurance contract issued by defendant insuring the life of Daniel H. Robertson, Jr. Defendant moved for summary judgment on the basis that the policy had lapsed for nonpayment of premium,[1] attaching to the motion the affidavit of defendant's agent that the August 23, 1971, premium had not been paid when due or within the grace period as provided for in the policy. At the hearing plaintiff's counsel joined defendant's counsel in offering the insurance contract in evidence, which showed by an endorsement to the policy and by the application for the insurance that the company agreed "to accept the payment of premiums monthly . . . by the use of a pre-authorized check. . ." The endorsement further provided that "If any pre-authorized check is returned to the company by the payee's bank, with or without cause, intentionally or inadvertently, the premium shall be payable as provided in the policy to which this endorsement is attached."

Plaintiff strongly contended at the hearing that since the insured and the company had agreed in the endorsement that monthly premium payments were to be made by

---

[1]Another basis of the motion was that the insured had effected a change of beneficiary prior to his death. However, the lower court, under its view of the case, found it unnecessary to rule on this matter, and we do not consider it here.

pre-authorized check, and since return to the company by the insured's bank of a pre-authorized check was the only condition which would make the premium payable as provided in the policy to which the endorsement was attached, it was the burden of the company on its motion for summary judgment to show that it had presented a pre-authorized check to the insured's bank at the time the premium was due and that it had been returned. However, the court held: "With this contention the court can not agree. It appears that the contentions of respondent [plaintiff] are affirmative in nature and should have been plead in response to the motion, and substantiated by affidavit, counter-affidavit and evidence, which has not been done in this case." Accordingly the court entered summary judgment for defendant on the basis that the policy had lapsed for nonpayment of premium. *Held:*

We are unfamiliar with any rule of *summary judgment* law that would require plaintiff to plead the pre-authorized check payment in response to defendant's motion and to substantiate it by affidavit, counter-affidavit and evidence, where the defendant, in order to prevail on its motion, must rely on the policy and its endorsements with regard to method of premium payment, and where the policy and the endorsement were in fact introduced and received in evidence at the hearing. "On motion for summary judgment '[t]he court is authorized to examine proffered materials extraneous to the pleadings, not for the purpose of trying an issue, but to determine whether there is a genuine issue of material fact to be tried.' 6 Moore's Federal Practice § 56.04 [1], p. 2060. Such extraneous matter most often consists of depositions, answers to interrogatories, admissions on file and affidavits, if any. Also among that which may be considered is oral testimony, judicial notice, presumptions, stipulations, concessions of counsel, certified transcript of a court, exhibits and other papers that have been identified by affidavit or otherwise made admissible in evidence or usable at trial." *Bodrey v. Cape,* 120 Ga. App. 859, 860 (172 SE2d 643).

The insurance contract and its pre-authorized check endorsement were properly and necessarily before the court on defendant's motion based upon the proposition that the premium had not been paid as provided for by the contract and its endorsements, and plaintiff was quite correct in her contention that on summary judgment it was defendant's burden to prove that it had presented a pre-authorized check to the insured's bank at the time the premium was due and that it had been returned or that plaintiff had failed or refused to supply pre-authorized checks. Since defendant failed to carry this burden, the judgment must be

*Reversed. Deen and Clark, JJ., concur.*
SUBMITTED SEPTEMBER 15, 1972—DECIDED SEPTEMBER 25, 1972.

*Robinson, Buice, Harben & Strickland, Sam S. Harben, Jr.,* for appellant.
*R. Wilson Smith, Jr., John H. Smith,* for appellee.