## 53946. UNIGARD MUTUAL INSURANCE COMPANY v. FOX.

QUILLIAN, Presiding Judge.

The plaintiff brought suit on a fire insurance policy against the defendant insurance company. The case came on for trial, resulting in a verdict in favor of the plaintiff. At the close of the evidence, the defendant had moved for directed verdict and, therefore, thereafter filed a motion for judgment notwithstanding the verdict or in the alternative a motion for a new trial. These motions were overruled and appeal followed.

The facts pertinent to the present appeal may be summarized as follows. The defendant issued to the plaintiff a fire insurance policy covering a frame dwelling. The term of this policy was from May 18, 1973 to May 18, 1974. Subsequently another policy was issued on the same property for a one year term from May 18, 1974 to

May 18, 1975. On May 24, 1975 the premises in question were destroyed by fire. At that time the policy had not been renewed and no premium had been tendered to the defendant insurance company. About this same time, the defendant sent a notice to the plaintiff stating that the defendant had not received a payment covering the plaintiff's renewal premium for fire insurance on the dwelling. The notice further stated: "If your payment is not received by 6/8/75, we must regard your policy as having expired as of 12:00 noon standard time on 5/18/75, and your policy is cancelled at that time without further notice." According to the plaintiff's testimony, she received this notice on June 16, 1975 and tendered her premium on June 25, 1975, which tender was refused by the defendant. *Held:*

The policy having a term from May 18, 1974 to May 18, 1975 contained a provision relative to "cancellation for nonpayment of premium." In essence it required the defendant to give a 10-day notice of cancellation to the plaintiff in order for the cancellation to be effective. The plaintiff argues that the notice which she received on June 16, 1975 in effect gave a grace period to the policy which was extended to June 8, 1975 and that a 10-day notice of cancellation was required relative to that time frame.

Automobile liability insurance is covered by a specific provision of the Code. Code Ann. § 56-2430.1 (Ga. L. 1960, pp. 289, 671; 1967, p. 653; 1968, pp. 1126, 1127; 1971, pp. 658-661; 1975, pp. 1242-1244). That provision, as we have construed it, in effect gives an automatic renewal of an automobile liability coverage unless an insurance company meets the requirements therein set forth. *Garner v. Government Employees Ins. Co.,* 129 Ga. App. 235 (199 SE2d 350).

However, as to other forms of insurance our courts have made a clear distinction between the cancellation of a policy during the term and the expiration of the policy at the end of its term. Where the policy expires no notice of cancellation is necessary. *Robertson v. Southland Life Ins. Co.,* 130 Ga. App. 807, 808 (204 SE2d 505). Accord, *Reece v. Mass. Fire &c. Ins. Co.,* 107 Ga. App. 581 (1) (130 SE2d 782); *Barnes v. Ga. Farm Bureau Mut. Ins. Co.,* 140 Ga.

App. 515 (1) (231 SE2d 569).

In the case sub judice the policy expired by its terms on May 18, 1975 and the defendant insurance company was under no statutory obligation or contractual duty to tender a notice of cancellation. The notice sent to the plaintiff giving her until June 8, 1975 to pay the premium was at most an offer which might have been accepted during the period specified. In fact, it was not. Thus, we have an offer which was not accepted within the contractual time specified. *Harper & Co. v. Ginners Mut. Ins. Co.,* 6 Ga. App. 139 (64 SE 567); *Pa. Fire Ins. Co. v. Sorrells,* 23 Ga. App. 398 (98 SE 358). See also *Reece v. Mass. Fire &c. Ins. Co.,* 107 Ga. App. 581, supra.

In short, here we have a case where the plaintiff took no action during the term of the policy, the term expired, the fire occurred after the term, and it further appears that the plaintiff took no action within the time allotted in response to a subsequent offer by the defendant's insurance company granting additional time to pay the premium. Hence, under these circumstances there is no basis on which the plaintiff could predicate recovery.

It should be noted that there is some evidence regarding the insurance policy which began on May 18, 1974 (and expired on May 18, 1975), that the plaintiff did not pay the premium due to the insurance agency with whom she dealt until June 1974. However, this is insufficient to show a course of dealing between the plaintiff and the defendant insurance company with regard to late payment of premiums so as to come within the rule with regard to contract deviations or mutual departure. Code § 20-116.

As a matter of law the plaintiff could not recover in this case and it was therefore error to refuse to direct a verdict in the defendant's favor and to deny its motion for judgment notwithstanding the verdict.

*Judgment reversed. Shulman and Banke, JJ., concur.*

Argued May 10, 1977 — Decided June 9, 1977 — Rehearing denied July 1, 1977 —

*Savell, Williams, Cox & Angel, Andrew Robert Greene,* for appellant.
*Barnes & Browning, Roy E. Barnes, Jr.,* for appellee.