## 55480. LIBERTY NATIONAL LIFE INSURANCE COMPANY v. DAVIS.

QUILLIAN, Presiding Judge.

The plaintiff brought an action on a life insurance policy against the defendant insurance company. Both parties moved for summary judgment. The trial judge granted the plaintiff's motion and defendant appeals. *Held:*

We consider the following undisputed facts.

"Plaintiff's wife had a policy of life insurance with the defendant insurance company, and the plaintiff was the beneficiary of that policy. On October 9, 1974, a check in the amount of $33.16 was given to defendant insurance company in payment for the October, 1974 premium. The check was dishonored by the bank upon which it was drawn and returned to the defendant insurance company for insufficient funds. The defendant insurance company retained the check. . . The insured died November 16, 1974. . . "

Here, as required by statute (Code Ann. § 56-2503 (a); Ga. L. 1960, pp. 289, 677), the policy contained a grace period, in this instance, allowing 31 days within which an overdue premium might be paid. The question presented in the court below was whether the grace period began after November 1, 1974, in which case the policy had not lapsed, or whether the grace period began on October 1, 1974, in which case the policy had expired prior to the death of plaintiff's wife.

1. Code Ann. § 56-2430 (Ga. L. 1960, pp. 289, 671; 1967, p. 653; 1968, p. 1126; 1973, pp. 499, 501; 1975, p. 1242) is not applicable here. *Barnes v. Ga. Farm Bureau Mut. Ins. Co.,* 140 Ga. App. 515 (231 SE2d 569); *Unigard Mut. Ins. Co. v. Fox,* 142 Ga. App. 706 (236 SE2d 851).

2. *Veal v. Security Mut. Life Ins. Co.,* 6 Ga. App. 721 (65 SE 714), sets forth the determinative rule. "If the holder of a policy of life insurance sends to the company on the day the premium is due a check in payment thereof, and when the check is presented at bank payment is refused because of lack of funds to the credit of the drawer, the company, although it has delivered the premium receipt to the insured, may, by taking the proper steps, repudiate the transaction for the legal fraud resulting from the insured's having sent a check without having in bank the funds to meet it, and may enforce a lapse of the policy for non-payment of premium. But if the company, in such a case, after notice that the check has been dishonored, retains it, and, instead of repudiating the transaction by returning the check and demanding back its receipt, insists upon the insured's paying it after the date on which the policy would otherwise have lapsed, a waiver of the punctual payment of the premium in cash results." See *National Benefit Life Ins. Co. v. Brown,* 41 Ga. App. 741, 744 (1) (154 SE 469); *Maryland Cas. Co. v. Sanders,* 53 Ga. App. 696, 699 (187 SE 391).

3. On motion for summary judgment the plaintiff, as movant, had the burden of establishing his right to recover as a matter of law. The proof offered showed a retention of the check after dishonor but fails to show conclusively either that the insurance company by taking the proper steps repudiated the transaction or that it ratified the same. We decline to hold that the mere retention of the check was enough to establish that the insurance company waived punctual payment of the premium. *Kersh v. Life &c. Ins. Co. of Tenn.,* 109 Ga. App. 793, 795 (2) (137 SE2d 493). See in this connection *American Oil Co. v. Studstill,* 230 Ga. 305 (196 SE2d 847), dealing with retention of a check in an accord and satisfaction setting.

Although on trial a different result might occur, here the proof offered did not demand a judgment for plaintiff.

*Judgment reversed. Webb and McMurray, JJ., concur.*

Argued March 6, 1978 — Decided April 20, 1978 —
Rehearing denied May 17, 1978.

*Christopher & Mullins, Claude Christopher, Richard L. Mullins,* for appellant.

*Kemper, Baker & Boswell, Stephen E. Boswell,* for appellee.