68999. GOODLEY v. FIREMAN'S FUND AMERICAN LIFE INSURANCE COMPANY.
(326 SE2d 7)

BENHAM, Judge.

Appellee, Fireman's Fund American Life Insurance Company ("Fireman's Fund"), issued a group life insurance policy to Merchants & Employees Regional Insurance Trust ("Merit"), which, in turn, issued a policy on June 1, 1980, to Petz, a pet store owned by appellant and her decedent. Appellant's decedent was insured under the policy as an employee of Petz. Petz renewed its policy every three months by paying the required premium until September 1, 1982, when, despite an August 18 notice of premium, it did not pay the premium for the September through November coverage. A second premium request on September 10, 1982, went unanswered. Appellant's decedent died on October 28, 1982, and when appellee refused to pay appellant the proceeds of the policy, appellant filed suit. Both parties moved for summary judgment and this appeal resulted from the denial of appellant's motion and the grant of appellee's.

1. Appellant contends that appellee's failure to send a notice of cancellation pursuant to OCGA § 33-24-44 should have resulted in a grant of summary judgment to appellant. Appellant realizes that her theory requires the judicial acknowledgment of a legislative overruling of this court's decision in *Robertson v. Southland &c. Ins. Co.*, 130 Ga. App. 807 (204 SE2d 505) (1974). In *Robertson*, the court held that OCGA § 33-24-44 was applicable only to the cancellation of an insurance policy and not to an expiration or a lapse due to nonpayment of premium. Appellant asserts that the General Assembly's post-*Robertson* enactment of OCGA § 33-24-44 (e) (subsection (d) under the 1984 amendment) effectively repealed *Robertson*. The subsection in question provides: "When a policy is canceled for failure of the named insured to discharge when due any of his obligations in connection with the payment of premiums for the policy or any installment of premiums . . . the notice requirements of this Code section may be satisfied by giving not less than ten days' written notice to the insured . . . ." Appellant reasons that the subsection evidences a legisla-

tive intent to require notice for *any* termination of coverage due to nonpayment. However, *Robertson* distinguished the cancellation of an insurance policy from the expiration or lapse of a policy, and cases decided subsequent to the enactment of the subsection have continued that distinction. See, e.g., *Lumbermens Mut. Cas. Co. v. Haynes*, 163 Ga. App. 288 (293 SE2d 744) (1982); *Liberty Nat. Life Ins. Co. v. Davis*, 146 Ga. App. 38 (245 SE2d 316) (1978); *Unigard Mut. Ins. Co. v. Fox*, 142 Ga. App. 706 (236 SE2d 851) (1977). Inasmuch as the expiration or lapse of a policy does not constitute a cancellation, OCGA § 33-24-44 is inapplicable and appellee's failure to follow the mandate of the statute cannot be the basis for a grant of summary judgment in favor of appellant.

We note that a question very similar to the one presented herein was addressed by the U. S. Court of Appeals for the Eleventh Circuit in *King v. Guardian Life Ins. Co.*, 686 F2d 894 (11th Cir. 1982). Applying the substantive law of Georgia to a diversity action, the court held that the legislative amendment did not make the statute applicable to expirations and lapses as well as cancellations, and that an insurer need not comply with the requirements of OCGA § 33-24-44 when the policy expired or lapsed due to the policyholder's failure to pay premiums.

2. Appellant also argues that the record shows that the unpaid premium was due on October 1, not September 1. If appellant is correct, she would have had until November 1, 1982, to tender the unpaid premium to receive the necessary coverage. OCGA § 33-25-3 (a) (1). However, the record reflects that appellant made no such tender; therefore, it matters not whether the premium due date was September 1 or October 1.

*Judgment affirmed. Banke, C. J., and Pope, J., concur.*

DECIDED JANUARY 15, 1985.

*Walter Moore Henritze, Jr.*, for appellant.
*William R. Johnson, Palmer H. Ansley*, for appellee.