### 31581. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY v. COLLINS et al.

336

DECIDED MAY 29, 1947. REHEARING DENIED JUNE 27, 1947.

*Brannen & Clark,* for plaintiff in error.

*Edwin Maner Jr., Abrahams, Bouhan & Lawrence,* contra.

FELTON, J. ■ The first count was not subject to general demurrer. The petition alleged that the binder receipt covered certain risks named in the petition. The binder contained all the necessary elements of an insurance contract: subject-matter to which the policy should attach; the risk insured against (the term "full service" being ambiguous could be proved by extraneous evidence); the duration of the risk; the amount of liability; and the consideration to be paid. *Todd* v. *German-American Insurance Company,* 2 *Ga. App.* 789 (59 S. E. 94). The contention that the binder did not show the duration of risk is without merit because the duration was stated on the reverse side of the receipt. Since the word "over" appeared on the face of the receipt every-

thing on the reverse side was made a part of the face of the receipt. See, in this connection, In re Johnston's Estate, 64 Cal. App. 197 (221 Pac. 382). The amount of indemnity could be proved under the provision for "full service," without violating the rule that a written contract can not be added to by parol.

■ The binder receipt was issued in connection with an application for insurance. The application was for a "full service" policy which included: "Bodily injury liability, $10,000 One person; $20,000 one accident; Property Damage Liability, $5,000 each accident; Medical Payments, $500 each person; Bail Bond expense, 80% of actual expense; Comprehensive (Including Fire & Theft) Actual Cash Value; Collision—80%, 80% of Actual Cash Value; Loss of use, As provided in the policy; Emergency Road Service, 80% of actual expense." An advertisement showing what a full coverage policy was was also introduced in evidence. While the advertisement was not signed, it was a printed advertisement and in the absence of evidence by the company that it was not their advertisement, it was admissible with the application to show what full service meant.

■ The application indicated that it was for a new policy and for the reinstatement of an old policy. Such an application was an ambiguity under the facts because the agent taking the application did not have authority to issue a binder receipt in connection with an application for reinstatement but did have authority in connection with an application for a new policy. The evidence was undisputed that the agent told the plaintiff he would issue her a new policy. This plus the issuance of the binder receipt is conclusive on the company that the application was for a new policy.

■ The receipt contained the following notice: "Notice to the applicant. This receipt is to be issued only when written application has been made to the company for policy of insurance." The signing of the receipt by the insurance agent in connection with the application and the receipt of and acceptance of the receipt by the plaintiff amounted to an agreement in writing that the agent was acting as agent for the company in receiving the application and any understanding that the agent was acting for the plaintiff in communicating the application to the company was without effect. Since the agent was the agent of the company

in receiving the application, when he mailed it to the company he selected the mails as agent for his company and not for the plaintiff and the refusal on the part of the company to issue the insurance was not binding on the plaintiff until she received notice of the refusal, which was after the accident, though the notice of such refusal was mailed before the accident.

■ Under the facts of this case notice to the plaintiff that the agent did not have authority to bind the company in negotiating for a reinstatement of an old policy would not apply where he took the application for both and agreed to procure a new policy.

■ The refusal to strike counts 2 and 3 on demurrer was harmless because count 3 was the same as count 1 and no recovery was sought under count 2.

■ The allowance of count 4 by amendment over objections was error but harmless. The first count was not subject to general demurrer. There was no valid special demurrer to it because it sought recovery for guests. Count 1 stated a cause of action for the guest's expenses and the proof authorized the verdict for one guest. The contract to pay such expense was made by the company with the plaintiff for consideration paid by her and she is the only party under the law who can recover at law on a contract for the benefit of a third person. It will be noted that liability for expenses of guests is not dependent on liability of the plaintiff for negligence.

■ The legal evidence in the case demanded the verdict directed and if there was illegal evidence admitted it was harmless. The same applies as to any expression of opinion by the judge as to what had been proved.

The rulings on the demurrer and the allowance of the amendment do not require a reversal of the case and the court did not err in overruling the motion for a new trial.

*Judgment affirmed. Sutton, C. J., and Parker, J., concur.*