## 52273. CINCINNATI INSURANCE COMPANY v. STUART.

WEBB, Judge.

On March 10, 1975, Harold E. Stuart filed suit against the Cincinnati Insurance Company, John Snellings and the Snellings Insurance Agency alleging insurance coverage by an oral binder made on June 22, 1973, on a described boat which was damaged in a collision on June 30, 1973. Both defendants denied that coverage had been bound prior to damage, but contended that the request for coverage was to add the damaged boat to an existing houseboat policy which required any action against the company to be brought within one year from the date of the casualty claim to be insured, and that the suit was therefore barred. The question as to whether Stuart had an insurable interest was also raised.

The case proceeded to trial and at the close of the evidence the court granted motions for directed verdict in favor of John Snellings and The Snellings Insurance Company. Motions for directed verdict by Cincinnati on the grounds that there was no evidence as to damage to the boat and that the alleged binder did not establish the necessary elements to constitute an insurance contract were denied and represent the basis of this appeal.

John Snellings, testifying from office notes and records, stated that Mrs. Stuart, the wife of the plaintiff, had called his office on June 22, 1973, regarding insurance coverage for the boat in question. These notes recited "coverage bound on boat, motor and trailer at lake property," with a further notation "will call back June 27th with details." Also noted was that coverage was on a 1965 17-foot Champion fiberglass boat with a 1970 Chevrolet 350 cubic inch motor valued at $3,000 and a 17-foot trailer valued at $200, and their serial numbers. He testified that no kind of insurance policy, as such, had been issued at the time of the loss, but that if a loss

occurred before the policy was issued when his agency stated that it was bound, then there was insurance coverage; ownership of the boat was the only question since his clerk had bound the boat for insurance. Nothing in his notes indicated that the binder was to be an endorsement on a previous policy.

Mrs. Stuart testified that she first talked with Nancy Schutze at the Snellings agency on June 22, 1973, and that later on the same date she talked with Aretha Smith, another employee, and gave the dollar amounts for which the motor, the hull and the trailer should be insured. She stated that nothing was said about putting it on as a rider to the houseboat policy.

Harold Stuart testified that he had done business with the Snellings Insurance Agency for years but his wife had handled the transaction regarding insurance on the damaged boat. He testified that he had bought the boat for $5,000 and introduced the title transfer and receipt of sale. In regard to the damage done to the boat, he stated that the stern drive was knocked off the boat and introduced a repair bill from Holiday Yacht Repairs in Buford indicating a new stern drive to be the large item of damage to the boat for repair.

Mrs. Janice Peavy of Holiday Yacht Repairs testified that a 17-foot Champion boat owned by Harold E. Stuart was put in their care on July 2, 1973, for repairs; that the bill introduced by Stuart was for repairs to this boat and for parts; that she talked to the adjuster for Cincinnati and he told her he would try to have the insurance settled within a week; and that Mr. Stuart paid the repair bill.

1. Although a binder may contain all the necessary elements of an insurance contract, this is not essential; all that is required is a memorandum sufficient to permit an understanding of the basic terms of the contract of insurance when it is considered in light of the circumstances surrounding its execution. See 1 Couch on Insurance 2d, § 14:30, p. 610; *Queen Ins. Co. v. Hartwell Ice &c. Co.,* 7 Ga. App. 787 (68 SE 310); *State Farm Mut. Auto Ins. Co. v. Collins,* 75 Ga. App. 335 (43 SE2d 277).

A binder, which may be oral or written, "is a contract of insurance in praesenti; temporary in its nature, intended to take the place of an ordinary policy until the

same can be issued. It is a short method of issuing a temporary policy for the convenience of all parties, to continue, unless sooner canceled, until the execution of a formal policy . . . '[It] is not a mere offer, but itself a contract — temporary, sketchy, and informal, but a contract notwithstanding. [Cit.] Usually it fixes the term and coverage of the policy, but by express reference leaves the details of the contract to the latter. [Cits.] Hence as to such details the contemplated policy rather than the binder is the determinative document.' [Cit.] The binder issued on an application for insurance is a mere memorandum of the most important terms of a preliminary contract of insurance, intended to give temporary protection pending the investigation of the risk by the insurer, or until the issuance of a formal policy." *Fort Valley Coca-Cola Bottling Co. v. Lumbermen's Mut. Cas. Co.,* 69 Ga. App. 120, 124 (24 SE2d 846); Code Ann. § 56-2420.

The evidence here was sufficient to show that the damaged boat was owned by Stuart and that he had temporary insurance coverage at the time of the loss. However, since no endorsement or rider was ever issued to the policy on the houseboat previously insured by the Cincinnati Insurance Company, its terms were irrelevant to the issues being considered and that policy was properly excluded from evidence.

2. There was likewise evidence authorizing the award of damages in the amount of the repairs from the testimony of Stuart and Janice Peavy and from the fact that the General Adjustment Bureau acting in behalf of Cincinnati had authorized the boat to be pulled in for repairs. A proper foundation was thereby laid for admission of the Holiday Yacht Repairs statement, from which the sum constituting the damages could be proved by showing the repairs necessitated by the accident. See *Tapes & Things, Inc. v. Evans,* 133 Ga. App. 705 (212 SE2d 31).

*Judgment affirmed. Deen, P. J., and Quillian, J., concur.*

SUBMITTED MAY 24, 1976 — DECIDED JUNE 16, 1976.

*Hutcheson & Hull, Ward D. Hull,* for appellant.
*Garland B. Cook,* for appellee.