### 57056. KERSEY v. STATE FARM GENERAL INSURANCE COMPANY et al.

WEBB, Judge.

Kersey sued State Farm and its agent Moore for loss of personal property in a fire. In May of 1975 Kersey had insured a mobile home for $2,300 and unscheduled

personal property located therein for $7,000 under a mobile homeowners policy. The contract also expressly provided: "[T]he limit of this Company's liability for the unscheduled personal property away from the premises shall be an additional amount of insurance *equal* to 10% of the amount specified for Coverage B, but in no event less than $1,000." The mobile home insured had been sold but the policy was not canceled and remained in effect while Kersey was waiting to purchase a new home. Closing of the sale of this home was delayed by title problems and Kersey moved in and began paying rent, moving his insured property to the house. Financing was arranged through FHA, which required Kersey to secure a binder for hazard insurance on the new home prior to closing.

Kersey discussed these details with Moore and his application for a binder was subsequently approved by State Farm subject to payment of a $20 premium. The house was completely destroyed by fire resulting in an alleged loss of $8,633.14 prior to closing of the title or issuance of the binder. Kersey's claim for this amount was denied but State Farm paid, and he accepted, $1,000 under the "away from premises" coverage of the mobile homeowner policy. He then sued for the remainder of the alleged loss under the mobile homeowners policy. The trial court granted summary judgment to State Farm and Kersey appeals. We affirm.

1. The terms of the mobile homeowners insurance contract are clear and unambiguous and Kersey admits that he understood he would have to make a payment of $20 and execute certain documents before a hazard insurance binder would be issued for personal property in the new house. State Farm's sole financial responsibility under the valid policy was $1,000, and this amount was tendered and accepted by Kersey. "[A]n unambiguous policy requires no construction, and its plain terms must be given full effect even though they are beneficial to the insurer and detrimental to the insured. [Cits.]" *Woodmen of the World Life Ins. Society v. Etheridge,* 223 Ga. 231, 235 (154 SE2d 369) (1967); *Boyes v. Continental Ins. Co.,* 139 Ga. App. 609, 610 (229 SE2d 75) (1976); *Penna. Millers Mut. Ins. Co. v. Heule,* 140 Ga. App. 851, 854 (232 SE2d

267) (1976). Since all the terms of the contract attached to Kersey's complaint were completely satisfied prior to filing of the action, the trial court properly granted State Farm's motion for summary judgment.

2. Notice by Kersey to Moore that he was moving the personal property covered by the mobile homeowners policy to a new location did not constitute a cause of action in tort against either Moore or State Farm for failure to procure or renew coverage. It is clear from the record that Moore was acting solely as State Farm's agent and indeed it has long been recognized that by contract State Farm's agents are agents of the company only. *State Farm Mut. Auto. Ins. Co. v. Collins,* 75 Ga. App. 335 (4) (43 SE2d 277) (1947). Consequently, the "dual agency concept" is inapplicable and there is no basis upon which Moore may be held liable to the would-be insured. *Creative Underwriters v. Heilman,* 141 Ga. App. 740 (234 SE2d 371) (1977); *Hodges v. Mayes,* 240 Ga. 643 (242 SE2d 160) (1978). The trial court correctly found that there were no genuine issues as to any material fact and did not err in its application of the law to the facts of the case.

*Judgment affirmed. Bell, C. J., and Banke, J., concur.*

ARGUED JANUARY 3, 1979 — DECIDED JANUARY 11, 1979 — REHEARING DENIED JANUARY 25, 1979 — ■

*Rembert C. Cravey,* for appellant.
*William H. Pinson, Jr.,* for appellees.