### 74462. BOOKER v. EDDINS et al.
(359 SE2d 211)

BIRDSONG, Chief Judge.

Summary Judgment — Malicious Prosecution. The facts in this

record show that M. V. Booker, a member of the Georgia Bar, moved to Dublin and joined together in practice with an attorney already in practice in that city. Shortly after commencing practice, Ms. Booker received a letter notice from the city governing authorities that a local ordinance required the payment of an annual fee of $100 in order to practice in Dublin. This fee was labeled a "license" rather than a tax. Ms. Booker replied by mail that her associate in practice had already paid the required fee and accordingly declined to pay an extra $100. By return mail, Ms. Booker was informed the fee was required of all persons engaging in certain type activities in the City of Dublin, including the practice of law. Ms. Booker then complained that the "practice of law" was controlled by a license issued by the state and thus the City of Dublin could not limit her right to practice law by a local law. The authorities of the City considered the declination by Ms. Booker to pay the fee. Being aware that all others similarly situated had paid the fee without protest and relying on case law that a revenue raising "tax" could be imposed by local governments, the authorities pursuant to the requirements of the local ordinance, sought and obtained a summons requiring Ms. Booker to appear in the local city court and answer the failure to pay the fee while still practicing law. The city court took the case under advisement and ultimately determined that even though Ms. Booker was in clear violation of the local ordinance, the enforcement provisions of the ordinance were contrary to case law and dismissed the complaint filed by the City for failure to pay the fee. The ordinance in effect provided a criminal sanction whereas in the opinion of the city court the proper sanction was the civil imposition of penalties (see *Gleason v. City Council of Augusta*, 242 Ga. 796 (251 SE2d 536)).

After Ms. Booker received a favorable verdict, she brought the present complaint in the superior court against the governing authorities in both their corporate and personal capacities. After hearing arguments and considering the briefs and affidavits filed by the respective parties, the trial court found no evidence of malice nor absence of probable cause so as to support a conclusion of malicious action by any of the members of the City Council to support a malicious prosecution. Accordingly, the trial court granted summary judgment to each of the appellees. Ms. Booker now brings this appeal contending there were unanswered questions of fact that precluded the grant of summary judgment. *Held*:

OCGA § 51-7-40 provides a remedy for those who have been subjected to a criminal prosecution carried on without any probable cause and thus maliciously. This form of action however is not favored by the courts of this state. Public policy encourages bringing to justice those who are or apparently are guilty of disregard for the criminal law. See *Day Realty Assoc. v. McMillan*, 247 Ga. 561 (277

SE2d 663). Where the facts are undisputed and disclose that a complaint was filed in good faith with probable cause, and there is no sufficient issue of fact as to at least one element of the tort of malicious prosecution, such a factual posture warrants the grant of a summary judgment. See *Fisher v. Kentucky Fried Chicken*, 175 Ga. App. 542 (333 SE2d 877). In the recent case of *Monroe v. Sigler*, 256 Ga. 759 (353 SE2d 23), the existing law was reaffirmed concluding again that citizens of this state have a duty to report a suspected crime. Who has such a duty is a matter for the courts and should be handled within the legal system. It constitutes no encouragement for the reporting of misconduct when a criminal victim can easily and at great hazard become a civil defendant.

Pertinent provisions of the ordinance in question required the appropriate authority to enforce the fee ordinance in that any person, firm or corporation violating the ordinance, upon conviction, was to be punished as prescribed by the Official Code of the City of Dublin. We must presume that a public official will carry out the duties imposed upon that official. See *Bank of Clearwater v. Kimbrel*, 240 Ga. 570, 572 (242 SE2d 16).

In a suit for malicious prosecution, the gravamen of the action is the want of probable cause on the part of the person or persons instituting the prosecution. Probable cause in this regard may be defined as the existence of such facts and circumstances in the mind of a reasonable person, the reaction of those facts and circumstances upon the mind of such reasonable person, and the reasonable acting on the facts within the mind of the prosecutor, so as to cause a belief the person was guilty of the crime for which the prosecution was being pursued. Where the facts are not in dispute and establish probable cause, the question is one for the court and not a jury. See *Morgan v. Mize*, 118 Ga. App. 534-535 (2a, b) (164 SE2d 565).

In this record, we can find no evidence of an effort to deny Ms. Booker the right or permission to practice her profession, that is to regulate the practice of law. The ordinance in question, as found by the city court, sought to impose a business license or fee, thus to raise revenue and not to regulate a profession or trade. The penalty, though inappropriately to be exercised as a criminal penalty, did not seek to prohibit the exercise of the business, but to impose a penalty for failure to pay the fee. Within the knowledge of the City Council was the fact that the business fee had been successfully imposed, without challenge, on all other attorneys in Dublin, including Ms. Booker's own associate. Even when Ms. Booker challenged the right of the Council to impose the fee, she did so on the basis that her associate had already paid the necessary fee and later when the fee was made personal to her, she challenged the fee upon the basis that the local law attempted to regulate the practice of law, a power only

to be exercised by the State.

Prior to the seeking of the summons by appellees, it is totally undisputed that Ms. Booker was in violation of the ordinance for she twice had refused to pay the business fee. The City Attorney (one of the defendants) had examined the existing law and concluded that the City of Dublin had an unquestioned right to require the payment of business fees. All these facts were within the knowledge of the City Council prior to the issuance of the summons requiring Ms. Booker to appear and answer for her failure to pay the demanded fee. In its order, the City Court of Dublin found as a matter of fact and law that Ms. Booker was in clear violation of the ordinance. It was the court's ultimate opinion, however, that the only sanction could be in the nature of a civil penalty and not of a criminal. At no time did Ms. Booker protest the validity of the ordinance on the grounds the ordinance was void because it was a criminal statute rather than a civil one.

Ms. Booker has admitted the existence of the above facts because she did not file a response to the appellees' statement of material facts as to which there is no dispute. See *General GMC Trucks v. Mercury Freight Lines*, 704 F2d 1237 (11th Cir. 1983). Opposed to the facts within the knowledge of the City Council as to a violation of the ordinance, Ms. Booker makes a general and conclusory allegation that all the appellees acted hastily and without appropriate research thus causing the prosecutors not to reach the same conclusion reached by the judge of the city court, a conclusion she admits was not based upon personal knowledge. It should be noted that it took the city court three months to reach its decision. The conclusion that was reached was never advanced by Ms. Booker until after the city court reached what it characterized as the solution to a complex legal question. The unsupported conclusions of Ms. Booker do not create an issue of fact on the question of probable cause. In order to show lack of probable cause or the existence of malice, Ms. Booker was obligated to show specific facts showing the probability of lack of probable cause and malice. *Jones v. Walker*, 167 Ga. App. 286 (306 SE2d 315). Our search of this record discloses no specific fact other than general arguments that may lead to inferences. Such generalized arguments (amounting to mere conclusions) have no probative value to pierce the facts presented by the City Council to establish its good faith and probable cause. See *Withrow Timber Co. v. Blackburn*, 244 Ga. 549 (261 SE2d 361). Where it is clear from the evidence that the prosecutors did have probable cause for the prosecution of Ms. Booker, a summary judgment for the appellee City Council was demanded. *Wilson v. Home Depot*, 180 Ga. App. 218, 220 (348 SE2d 588).

Parenthetically we note that the city's action seeking the criminal

sanction against Booker was instituted in June 1985, and dismissed in October 1985. Thus while we are cognizant of the desirability and necessity of bringing a compulsory counterclaim for a malicious prosecution along with the successful defense of the underlying proceedings (*Yost v. Torok*, 256 Ga. 92 (344 SE2d 414)), the merger of the malicious prosecution action with the underlying proceeding was not mandated until June 1986. Thus the question of failure to bring a compulsory counterclaim was not raised below and is not an issue in this appeal.

*Judgment affirmed. Deen, P. J., and Pope, J., concur.*

DECIDED JUNE 26, 1987.

*Floyd Mincey*, for appellant.

*Michael K. Jablonski, Charles M. Dalziel, Jr., Elmer Nash*, for appellees.