76927. MARCHEL v. GEORGIA MUTUAL INSURANCE
COMPANY et al.
(373 SE2d 787)

McMURRAY, Presiding Judge.

Plaintiff Marchel brought suit against Georgia Mutual Insurance Company (Georgia Mutual) and Herbert E. Lee, d/b/a AmPro Insurance Service (AmPro), in the Superior Court of Chatham County. She alleged that on January 28, 1986, she paid AmPro $155 for an automobile insurance policy which was to be issued by Georgia Mutual; that she was involved in an automobile collision on August 5, 1986;

that she was injured in the collision and incurred medical expenses of $2,500; that she was subsequently informed that she was not insured; and that, therefore, defendants were liable to her for damages. The liability of AmPro was predicated upon a negligence theory; the liability of Georgia Mutual was predicated upon insurance contract and imputed negligence theories.

Defendants answered, denying that they were liable to plaintiff in any way. Following discovery, Georgia Mutual moved for summary judgment. The motion was granted and plaintiff appealed.

Viewing the evidence in favor of plaintiff, the party opposing Georgia Mutual's summary judgment motion, we find the following facts: On January 28, 1986, plaintiff applied for Georgia Mutual automobile insurance through AmPro. AmPro, an independent insurance agency, was authorized to *solicit* applications for insurance coverage on behalf of several different insurance companies, including Georgia Mutual. It was not authorized, however, to issue a Georgia Mutual policy to an insured. Accordingly, the application contained a clause which read: "I . . . understand that no coverage is effective until this application is received and accepted by the company."

Plaintiff paid AmPro $155 toward the annual premiums and completed the application. AmPro forwarded the application to Georgia Mutual along with a check for $518 (representing the entire annual premium). AmPro gave plaintiff an automobile insurance identification card (bearing a January 26, 1987, expiration date) and advised her that she would receive a policy in the mail.

Georgia Mutual received plaintiff's application for insurance on January 30, 1986. It reviewed the application and rejected coverage. On January 31, 1986, Georgia Mutual sent AmPro notice that the application was being rejected. It also sent back the premium check to AmPro.

At the time it rejected coverage, Georgia Mutual gratuitously issued a binder to plaintiff as a courtesy. Through the binder Georgia Mutual agreed to provide coverage until February 10, 1986.

Plaintiff received no notice concerning the rejection of coverage and she did not receive a refund of the premium. It was not until plaintiff was involved in an automobile collision, on August 5, 1986, that she learned she was not insured. *Held*:

1. The record demonstrates clearly that no automobile insurance policy was issued to plaintiff by Georgia Mutual. Although Georgia Mutual issued a binder to plaintiff, it expired by its own terms on February 10, 1986. It cannot be said, therefore, that Georgia Mutual is liable to plaintiff pursuant to a contract of insurance or binder.

Plaintiff contends Georgia Mutual cannot deny coverage because it failed to send a notice of cancellation pursuant to OCGA § 33-24-44. We cannot accept this contention. OCGA § 33-24-44 applies only

to the cancellation of an insurance policy. It does not apply where, as here, an insurer declines to accept coverage. See *Goodley v. Fireman's Fund &c. Ins. Co.*, 173 Ga. App. 277 (326 SE2d 7). Nor does it apply to the *expiration* of a binder. See *Goodley v. Fireman's Fund &c. Ins. Co.*, supra.

2. Whether or not AmPro was an agent of Georgia Mutual, it is clear that AmPro was plaintiff's agent for the purpose of obtaining automobile insurance. Thus, at most, AmPro was a "dual agent." See *Pope v. Harper*, 40 Ga. App. 573 (1) (150 SE 470).

"It is generally recognized that where an agent represents two adverse parties in a transaction with the knowledge and consent of both, neither principal is liable to the other for the tortious acts of the agent so situated where the opposite principal is not in complicity with the agent or in no way participates in the tortious act. Another way of stating this same principle is that the misconduct of a dual agent by consent cannot be imputed to either of the principals who is not actually at fault, since each of the principals is under an equal duty to exercise ordinary care in selecting and supervising the agent to protect his own interests." *Hodges v. Mayes*, 240 Ga. 643, 644 (242 SE2d 160).

Since AmPro was, at most a "dual agent" of plaintiff and Georgia Mutual, Georgia Mutual cannot be held liable to plaintiff for the alleged negligence of AmPro, unless Georgia Mutual participated in the tort. There is no evidence that Georgia Mutual was a participant in the tort. It follows that, in light of the "dual agency," Georgia Mutual cannot be deemed liable for AmPro's alleged negligence.

*Judgment affirmed. Pope and Benham, JJ., concur.*

DECIDED SEPTEMBER 8, 1988 — REHEARING DENIED SEPTEMBER 29, 1988 ▮

*Clarence L. Martin*, for appellant.

*R. Kran Riddle, Steven P. Gilliam, Donald T. Hunt*, for appellees.