A89A0520. CINCINNATI INSURANCE COMPANY et al. v. PERIMETER TRACTOR & TRAILER REPAIR, INC. et al.

(384 SE2d 449)

BENHAM, Judge.

Daniel and Teresa Card filed a wrongful death action against appellee Perimeter Tractor & Trailer Repair, Inc. (Perimeter) and its employee, appellee Bussey, after a tractor-trailer truck which was owned by appellee Classic Motor Lines, Inc., and driven by Bussey, and which was the subject of a policy of insurance issued by appellee United States Fire Insurance Company (USF), struck a pickup truck driven by Mrs. Card, resulting in the death of the Cards' minor son. Perimeter asked appellee American States Insurance Company (American) to provide a defense, which request American rejected on the ground that it had not issued a policy of insurance to Perimeter. USF also refused to provide a defense, asserting that the factual scenario had activated an exclusion contained in its policy of insurance covering the tractor-trailer truck. Appellant Cincinnati Insurance Company, the errors and omissions carrier for appellant Jim Anderson & Company (Anderson), Perimeter's insurance agent, filed this action for declaratory relief. In separate orders, the trial court granted USF's and American's motions for summary judgment and denied that of appellants. This appeal followed.

1. At the time of the collision, Bussey was driving the tractor-trailer rig owned by Classic Motor Lines to Perimeter's place of business for "touch-up" work on the paint job Perimeter had done on the vehicle. Perimeter offered "pick up" and "delivery" of the vehicle as part of its services. Classic Motor Lines had no ownership interest in Perimeter. The USF policy insuring the vehicle stated that anyone

using the covered vehicle owned by Classic Motor Lines with Classic's permission was an "insured" under the policy, except "someone using a covered auto while he or she is working in a business of selling, servicing, repairing or parking autos unless that business is owned by [Classic Motor Lines]." USF contended and the trial court agreed that servicing and repairing the vehicle included Perimeter's business of painting the vehicle. Based on that conclusion and the fact that Bussey was acting within the scope of his employment with Perimeter at the time of the collision, the trial court applied the policy exclusion and granted summary judgment to USF.

Appellants maintain that the trial court was precluded from concluding that Perimeter was a repair service facility because USF, by failing to respond to appellants' statement of material facts as to which appellants contend there was no material dispute, had admitted that Perimeter was *not* in the business of servicing or repairing vehicles. Appellants aptly cite this court's decision in *Booker v. Eddins*, 183 Ga. App. 449, 452 (359 SE2d 211) (1987), in support of their position that the failure to respond to a party's statement of material facts as to which there is no dispute results in the admission of those facts. However, the case cited in *Booker* in support of that proposition relied on Rule 91.72 of the Local Court Rules for the United States District Court for the Northern District of Georgia, a rule that is not applicable to the state courts and which has no counterpart in the Civil Practice Act or the Uniform Rules for the Superior Courts. OCGA § 9-11-56 does not require any adverse party to respond to a motion for summary judgment, and neither it nor Rule 6.5 of the Uniform Rules sanctions the failure to respond with the admission of facts as presented by the movant. Compare OCGA § 9-11-36 (a) (2), which calls for the deemed admission of facts contained in a request for admissions should the respondent not answer the request. Since the statement in *Booker* is an aberration in the development of Georgia law and is premised on a federal court local rule not applicable to our state courts, it is hereby overruled. USF's failure to respond to appellants' statement of material facts as to which there was no dispute did not cause those facts to be deemed admitted. *Waits v. Makowski*, 191 Ga. App. 794 (___ SE2d ___) (1989). See also *SPS Indus. v. Atlantic Steel Co.*, 186 Ga. App. 94 (3) (366 SE2d 410) (1988).

The exclusion before us "focuses on the person in whose charge the automobile is at collision-time. [Cits.]" *State Farm &c. Ins. Co. v. U.S.F.&G.*, 190 Ga. App. 220 (2) (378 SE2d 400) (1989). The question then is whether Bussey, the Perimeter employee driving the truck at the time of the collision, was driving the truck while working in a business of servicing or repairing vehicles. He was driving the truck within the scope of his employment since he was driving it to Perimeter in order that paint work could be done, and Perimeter included

pick up and delivery of the truck as part of its painting services. Therefore, Bussey was driving the truck while working in a business. We must next ask whether that business was servicing or repairing vehicles. The trial court ruled that it was; appellants maintain that painting vehicles does not constitute servicing or repairing them. Since the term "repairing" in the exclusion provision "reasonably can be construed to include the services which were being performed on the insured [vehicle], namely [painting]," the exclusion is applicable. *Metropolitan Property &c. Ins. Co. v. Mr. Pride of Atlanta*, 258 Ga. 770 (374 SE2d 82) (1988). Appellants' argument that such a ruling contravenes public policy is without merit since the Supreme Court, in *Metropolitan*, recognized the viability in Georgia of the "automobile business" exclusion. The trial court did not err in granting summary judgment to USF.

2. We now turn to Perimeter's claim of entitlement to insurance coverage under a binder issued by American States. It is undisputed that American, through Anderson, issued to Perimeter two binders on a "garagekeepers legal liability" policy, one effective January 14, 1986, and expiring February 14, 1986, and the other effective March 14, 1986, and expiring April 14, 1986. Unbeknownst to Perimeter, American sent a letter to Anderson on January 30, 1986, declining to issue the policy. The fatal collision for which Perimeter seeks coverage occurred on September 8, 1986.

Citing *State Farm &c. Ins. Co. v. Collins*, 75 Ga. App. 335 (4) (43 SE2d 277) (1947), appellants contend that Perimeter was covered by an American policy since Perimeter never received notice from the insurer of its refusal to issue insurance or of its decision to cancel coverage that had been bound. The trial court concluded that the binders had expired according to their own terms, as well as having expired as a matter of law 90 days after their effective dates (OCGA § 33-24-33 (b), (c)), and that the statutory requirement of notice to the insured (OCGA § 33-24-44) was not applicable to expired binders. See *Goodley v. Fireman's Fund &c. Ins. Co.*, 173 Ga. App. 277 (326 SE2d 7) (1985). We are in accord with the trial court's ruling. See *Marchel v. Ga. Mut. Ins. Co.*, 188 Ga. App. 604 (1) (373 SE2d 787) (1988). We are, however, also in agreement with appellants that this court's holding in *State Farm v. Collins*, supra, is in conflict with the more recent case law cited above. Therefore, we overrule *State Farm v. Collins* to the extent it can be read to hold that notice of an insurer's declination to issue a policy after a binder has been issued by one acting as an agent of the insurance company is not effective until the insured is given notice thereof.

*Judgments affirmed. Carley, C. J., Deen, P. J., McMurray, P. J., Banke, P. J., Birdsong, Sognier, Pope and Beasley, JJ., concur.*

DECIDED JULY 11, 1989.

*Savell & Williams, William S. Goodman, Charles M. Dalziel, Jr.,* for appellants.
*Drew, Eckl & Farnham, W. Wray Eckl, Julia B. Anderson, Norton, Pennington & Goetz, Charles M. Goetz, Jr., Nall, Miller, Owens, Hocutt & Howard, Robert B. Hocutt, Freeman & Hawkins, William H. Major, Vicki A. Hirsch, Arnall & Stephens, H. P. Arnall,* for appellees.