A90A1035. GREEN et al. v. PROGRESSIVE INSURANCE COMPANY.
(397 SE2d 20)

BANKE, Presiding Judge.

This is a declaratory judgment action filed by the appellee, Progressive Insurance Company, to determine its obligations under a policy of motor vehicle liability insurance issued to one of the two appellants, Linda Green, in connection with a suit filed against her by the other appellant, Mildred Rush, to recover for personal injuries sustained while riding as a passenger in Green's automobile. The case is before us on appeal from an award of summary judgment to the appellee insurer.

Green applied for the insurance policy in question at the office of an independent insurance agent on August 28, 1987. At that time, she remitted $106 as a 40-percent down payment on the $265 policy premium. The application specified that the coverage would be effective for a six-month period beginning at 12:30 p.m. that day and ending at 12:30 p.m. on February 28, 1988. However, the policy issued by the appellee insurer upon its receipt of the application specified that the coverage period would begin and end at 12:01 a.m. on these dates

rather than at 12:30 p.m. The accident which gave rise to Rush's personal injury claim against Green occurred on February 28, 1988, possibly before 12:30 p.m. but definitely after 12:01 a.m.

Consistent with the application, the total premium charged by the appellee for the coverage was $265; however, the appellee determined that Green would be required to make a 50-percent down payment on this premium rather than a 40-percent down payment and accordingly sent her a bill for $26.50 at the address listed on her application. Due to an apparent transcription error made by the sales agent, that address was, however, incorrect; and the bill was consequently returned undelivered. The lack of a correct mailing address also prevented the independent agent from delivering a copy of the policy to Green. The appellee insurer subsequently cancelled the policy due to Green's failure to make any further payment on it. *Held*:

The appellants contend that the appellee failed to present satisfactory evidence that it had mailed a cancellation notice to Green in compliance with the procedures set forth in OCGA § 33-24-44 and that the trial court consequently erred in ruling that the policy was cancelled prior to the accident. However, pretermitting whether the coverage was cancelled in accordance with the requirements of this Code section, it is apparent that the policy had expired by its own terms by the time the accident occurred. The fact that the application specified a slightly different expiration time than did the policy is irrelevant under the circumstances, since the policy superseded any temporary binder of coverage which may have existed by virtue of the application. See generally OCGA § 33-24-33 (b). Moreover, inasmuch as Green paid only 40 percent of the policy premium, she clearly is in no position to argue that she was short-changed by the 12-½-hour difference between these expiration times. Accordingly, we hold that the trial court did not err in granting the appellee's motion for summary judgment. Accord *Marchel v. Ga. Mut. Ins. Co.*, 188 Ga. App. 604 (1) (373 SE2d 787) (1988); *Goodley v. Fireman's Fund &c. Ins. Co.*, 173 Ga. App. 277 (1) (326 SE2d 7) (1985).

*Judgment affirmed. Birdsong and Cooper, JJ., concur.*

DECIDED SEPTEMBER 4, 1990.

*Leon A. Van Gelderen*, for appellants.
*Chambers, Mabry, McClelland & Brooks, Genevieve L. Frazier*, for appellee.