A91A1909. JOURDAN v. FIRST NATIONAL INSURANCE COMPANY OF AMERICA.
(416 SE2d 162)

CARLEY, Presiding Judge.

Appellee-plaintiff First National Insurance Company of America

brought this declaratory judgment action, seeking a judicial determination that it afforded no liability insurance coverage to Mr. Marshall McClendon for the death of appellant-plaintiff's husband. The trial court granted summary judgment in favor of appellee and the instant appeal is from that order.

The following facts are undisputed: On December 15, 1989, McClendon bought a car and, through an independent agent, he applied for insurance coverage. He filled out an application for coverage with appellee and gave the agent $200. The application was then forwarded to appellee and, after review, appellee declined to accept it. On January 22, 1990, appellee sent written notice to McClendon that he would be afforded coverage only until February 3, 1990. McClendon received this notification and also received and cashed a refund check issued to him by the independent agent. On June 1, 1990, McClendon was involved in a vehicular collision in which appellant's husband was killed and for which coverage with appellee was claimed.

Appellant urges that a genuine issue of material fact remains as to whether appellee effectively cancelled McClendon's coverage by giving notification to the Department of Public Safety pursuant to former OCGA § 33-34-11. It is undisputed, however, that McClendon was never issued a formal written policy by appellee. The only coverage that appellee ever afforded to McClendon was pursuant to a binder. "A binder, which may be oral or written, 'is a contract of insurance in praesenti; temporary in its nature, intended to take the place of an ordinary policy until the same can be issued. It is a short method of issuing a *temporary policy* for the convenience of all parties, to continue, unless sooner canceled, until the execution of a formal policy. . . .' [Cits.]" (Emphasis supplied.) *Cincinnati Ins. Co. v. Stuart*, 139 Ga. App. 80, 81-82 (1) (227 SE2d 771) (1976). "No binder shall be valid beyond the issuance of the policy with respect to which it was given or beyond 90 days from its effective date, whichever period is the shorter. . . ." OCGA § 33-24-33 (b). In the instant case, no formal written policy was ever issued to McClendon and the collision occurred more than 90 days after the date that his temporary policy of insurance with appellee became effective on December 15, 1989. Accordingly, pretermitting whether the coverage was effectively cancelled as of February 3, 1990, "it is apparent that the [temporary] policy had expired by its own terms by the time the [collision] occurred." *Green v. Progressive Ins. Co.*, 196 Ga. App. 733, 734 (397 SE2d 20) (1990). Accordingly, the trial court correctly granted summary judgment in favor of appellee. *Cincinnati Ins. Co. v. Perimeter Tractor &c. Repair*, 192 Ga. App. 243, 245 (2) (384 SE2d 449) (1989); *Marchel v. Ga. Mut. Ins. Co.*, 188 Ga. App. 604, 605 (1) (373 SE2d 787) (1988).

*Judgment affirmed. Beasley and Johnson, JJ., concur.*

Decided March 3, 1992.

Long & Mullman, Nick Long, Jr., Roy S. Mullman, Steven P. Berne, for appellant.
Bovis, Kyle & Burch, Charles M. Medlin, for appellee.