A94A1423. McDUFFIE et al. v. CRITERION CASUALTY COMPANY.
(449 SE2d 133)

BIRDSONG, Presiding Judge.

James B. McDuffie et al. appeal from the order of the superior court granting summary judgment to appellee Criterion Casualty Company (Criterion) in a declaratory judgment suit.

Defendant Juanita Price applied for an insurance contract with

appellee Criterion and was issued an insurance binder, dated December 31, 1991. Price tendered a check, equivalent to the first policy premium installment as part of the transaction, and also contemporaneously signed and dated an insurance application. This application pertinently provided "checks, drafts, and money orders are accepted subject to collection only," and Price subsequently *agreed* therein that "if my premium remittance is not honored by the bank, no coverage will exist." However, a certificate of insurance binder was issued to Price bearing the typed notation "HELD COVERED AS OF 12-31-91 11:35 a.m." This same certificate provides that the effective date of the binder is January 1, 1992, as of 12:01 a.m., standard time, with an expiration date of February 1, 1992, 12:01 a.m., standard time. In italicized print, the certificate of insurance binder expressly states: *"This is to certify that the coverage designated by checkmark has been placed in force for the insured named above* [Juanita Price]"; thereafter, an "x" check appears on the binder certificate as to certain bodily injury and property damage liability coverage.

On January 3, 1992, an automobile driven by Price collided with a taxicab driven by appellant James B. McDuffie. On January 9, 1992, Criterion received a property damage claim from the taxicab company, which it paid on January 16, 1992. On February 18, 1992, Price's premium check was presented for payment and dishonored by her bank due to insufficiency of funds; Criterion notified Price by letter dated February 28, 1992, that her policy was therefore null and void and demanded reimbursement for the property damage claim previously paid to the taxicab company.

On April 15, 1992, Criterion received notice of McDuffie's personal injury claim and responded by letter that a policy was not in force or effect at the time of the collision. Subsequently, appellants McDuffie filed suit against Price for damages arising from the collision; Criterion agreed to defend Price with reservation of rights until a judicial determination was made as to the issue of coverage. Criterion then filed a declaratory judgment suit. Price did not file an answer but the McDuffies did timely answer. Thereafter both Criterion and the McDuffies filed a motion for summary judgment in the declaratory action suit. The trial court concluded that the honoring of the check presented for payment was a condition precedent to the *existence* of a contract of insurance and that the return of the check for insufficient funds rendered the contract of insurance void ab initio for failure of the condition precedent. The trial court granted summary judgment to appellee Criterion and denied summary judgment to appellants McDuffie. *Held*:

An insurance binder is a statutorily recognized form of contract for *temporary* insurance. OCGA § 33-24-33. Binders, which are issued on an *application* for insurance, are usually sketchy agreements,

in comparison to the typical insurance policy, and are intended to provide temporary protection pending an investigation of the insured or pending issuance of the formal written policy providing the coverage requested by the insured. The insurance binder is a contract created for the convenience of the insured to provide immediate insurance coverage without subjecting the insured to risk of loss occasioned by a delay in effecting coverage. *Fort Valley Coca-Cola &c. Co. v. Lumbermen's Mut. Cas. Co.*, 69 Ga. App. 120, 124 (1) (24 SE2d 846); Jenkins & Miller, Ga. Auto. Ins. Law Including Tort Law (1993 ed.), § 1-1. The only language or conduct necessary to create an insurance binder contract is that which shows a meeting of the minds. *Peterson v. Liberty Mut. Ins. Co.*, 188 Ga. App. 420, 423 (373 SE2d 515). As a general rule an insurance binder, being recognized by law as a legal vehicle for providing immediate, temporary insurance coverage "must be a contract in praesenti [cit.] and the actual payment of premium is not a condition precedent to its validity. [Cit.]" *Greene v. Commercial Union Ins. Co.*, 136 Ga. App. 346, 347 (1) (221 SE2d 479); see *Jourdan v. First Nat. Ins. Co.*, 203 Ga. App. 155, 156 (416 SE2d 162); *Howell v. United States Fire Ins. Co.*, 185 Ga. App. 154, 155 (2) (363 SE2d 560); *Cincinnati Ins. Co. v. Stuart*, 139 Ga. App. 80, 81 (227 SE2d 771); but compare *Rowell v. Ga. Cas. &c. Co.*, 109 Ga. App. 631, 633 (2) (136 SE2d 917).

However, an insurance company may fix the terms of its policies and binders as it wishes, provided such provisions are not contrary to law. See *Ga. Farm Bureau Mut. Ins. Co. v. Musgrove*, 153 Ga. App. 690, 692 (266 SE2d 228). Accordingly, we must examine in light of the circumstances here attendant, and in their totality, both the application for insurance and the certificate of insurance binder to determine the contractual intent of the parties. An insurance binder contract like an insurance contract, is governed by the ordinary rules of contract construction and should be construed to ascertain the intent of the parties. *Borders v. Global Ins. Co.*, 208 Ga. App. 480, 481 (2) (430 SE2d 854). Payment of premiums is not within itself a condition precedent to the creation of an insurance binder contract, unless by express terms of the binder or by necessary implication such payment is made a condition precedent to *any* liability of the insurer on the insurance binder contract. Cf. *American Intl. Life Ins. Co. v. Hartsfield*, 147 Ga. App. 213, 215 (2) (248 SE2d 518); 7 AmJur2d, Automobile Insurance, § 8. This exception should be strictly construed to be compatible with the general rule of *Greene*, supra, as above-discussed and with the following general rule of contracts which disfavors conditions precedent: " 'Conditions may be precedent or subsequent. A condition precedent must be performed before the contract becomes absolute and obligatory upon the other party. The breach of a condition subsequent may destroy the party's rights under the contract or

may give a right to damages to the other party, according to a true construction of the intention of the parties.' [Cit.] 'The law favors conditions to be subsequent rather than precedent and to be remediable by damages rather than by forfeiture.' [Cit.] Further, '(w)here the rules of construction will allow, equity seeks always to construe conditions subsequent into covenants and to relieve against forfeitures.' [Cit.] No precise technical words are necessary to create a condition subsequent. [Cit.] Neither are precise technical words necessary to create a covenant. However, '[w]ords such as "on condition that," "if," and "provided," are words of condition, *and in the absence of indication to the contrary, the employment of such words in a contract creates conditions precedent.'* " (Emphasis supplied.) *Fulton County v. Collum Properties*, 193 Ga. App. 774, 775 (1b) (388 SE2d 916). Examination of the insurance application reveals that payment of the premium installment was expressly agreed by the parties thereto to be a condition precedent to the existence of coverage. Further, the insurance application clearly reveals the insurance company's intent that *if* premium remittance was dishonored no coverage of any type would exist. Price agreed to this provision, and had an inherent contractual obligation to act in good faith to adhere to the terms of her agreement. Clearly she was aware of the insurance company's intent that only *if* her premium remittance was honored would coverage exist. Even assuming arguendo that Price had intended that no condition precedent be created by her express agreement thereto, nevertheless she was *aware* of the insurer's existing intent to the contrary. OCGA § 13-2-4 provides: "The intention of the parties may differ among themselves. In such case, the meaning placed on the contract by one party and known to be thus understood by the other party at the time shall be held as the true meaning." Thus, the true meaning to be attributed to this contractual agreement was that no coverage of any type, whether predicated upon the terms of an insurance binder or policy would exist *if*, as here, Price's premium remittance was dishonored.

As the premium payment condition was a condition precedent, the trial court did not err in granting summary judgment to appellee Criterion.

Additionally, as a general rule, " '[a] check is not payment until itself paid unless explicitly taken with a contrary understanding.' " *Progressive Preferred Ins. Co. v. Brown*, 261 Ga. 837, 839 (2) (413 SE2d 430). The record establishes that it was not the parties' intent that mere tender of the check would constitute payment, and the binder contract should be so interpreted. OCGA § 13-2-3. When the check was dishonored, there resulted a total failure of consideration for the binder as well as to any policy of insurance. Total failure of consideration for the binder also renders such contract null and void;

failure of consideration, if proved, is sufficient to defeat an action or contract. *Riberglass, Inc. v. ECO Chemical Specialists,* 194 Ga. App 417, 418 (1) (390 SE2d 616).

Appellant's remaining contentions in support of his enumeration of error are without merit.

*Judgment affirmed. Blackburn and Ruffin, JJ., concur.*

DECIDED SEPTEMBER 26, 1994 —
RECONSIDERATION DENIED OCTOBER 11, 1994 — ▮▮▮▮▮▮

*Sorenson & Haskell, George O. Haskell III,* for appellants.
*Chambless, Higdon & Carson, Joseph H. Chambless, Emmitt H. Griggs, Jon C. Wolfe,* for appellee.

