## A99A0761. PARKS v. STATE FARM GENERAL INSURANCE COMPANY.
### (520 SE2d 494)

SMITH, Judge.

This is the second appearance of this property insurance litigation before this court. The relevant facts may be found in *Parks v. State Farm &c. Ins. Co.*, 231 Ga. App. 26 (497 SE2d 575) (1998) ("*Parks I*"). In *Parks I*, the trial court granted summary judgment to State Farm on the ground that no binder for insurance had been issued to Parks, the alleged insured. Id. at 28. We reversed, holding that the conduct of State Farm's agent, "including his acceptance of the premium check, coupled with the parties' past course of dealings, was sufficient evidence to foreclose summary judgment as to whether a binder for temporary protection had been created." Id. at 29.

Upon return of the case to the trial court, State Farm renewed

its motion for summary judgment on the ground that Parks failed to comply with the policy requirements that he provide a sworn statement of proof of loss and bring any suit within one year of the date of loss. State Farm also moved to dismiss the action for failure to proceed in the name of the real party in interest, Southern General Insurance Company. The trial court declined to dismiss the claim but substituted Southern General as the party plaintiff and granted the renewed motion for summary judgment. Because we agree with the trial court that, if a binder existed, Parks and Southern General were equally bound by the provisions of the relevant policy requiring that suit be brought within one year, we affirm on that basis and do not reach the issue of the real party in interest.

1. We first address Parks's contention that the trial court's decision was foreclosed by the "law of the case" rule. See OCGA § 9-11-60 (h). Parks contends that the trial court's earlier ruling and our affirmance bar any further consideration of summary judgment here, because State Farm raised the issue of the policy provisions in its earlier motion for summary judgment. We disagree, because the rule applies only to actual *decisions*, not to issues raised by the parties but never ruled upon:

> The "law of the case" has been defined as a controlling legal rule established by a previous decision between the same parties in the same case. However, the principle only establishes the law of the case in its then existing evidentiary posture. When a case is brought to this court, all questions as to pleadings and the effect of evidence adjudicated by this court are binding as the law of the case on this court and in the court below, unless additional pleadings and evidence prevail to change such adjudications.

(Citations, punctuation and emphasis omitted.) *Richards v. First Union Nat. Bank &c.*, 204 Ga. App. 660, 662 (1) (420 SE2d 352) (1992). Here, although State Farm had raised the issue of compliance with policy provisions, the trial court's earlier grant of summary judgment was based solely on the non-existence of a binder. Moreover, Parks did not raise this issue in his previous appeal; we noted in *Parks I* that "[i]n his sole enumeration of error, Parks contends that the trial court erred in ruling that State Farm did not issue a binder for insurance." Id. at 28. "Where the second motion for summary judgment is based on matters not involved in the decision on the first motion, the law of the case is not involved." (Citations and punctuation omitted.) *Modern Roofing &c. Works v. Owen*, 174 Ga. App. 875, 876 (1) (332 SE2d 14) (1985). The issue of a contractual limitation on Parks's claim was not previously ruled on below, enu-

merated as error, or discussed in *Parks I*, and the law of the case rule is inapplicable here.

2. We accordingly address the limitation in State Farm's policy providing that "[n]o action shall be brought unless there has been compliance with the policy provisions and the action is started within one year after the date of loss or damage." OCGA § 33-24-33 provides:

> (a) Binders or other contracts for temporary insurance may be made orally or in writing and shall be deemed to include all the usual terms of the policy as to which the binder was given together with any applicable endorsements that are designated in the binder, except as superseded by the clear and express terms of the binder.

Here, the binder was allegedly established by the agent's oral representations to Parks, as well as the course of their past dealings over a 14-year business relationship. The undisputed evidence demonstrates that Parks was renewing a State Farm policy that had been in force for some time and had lapsed shortly before his conversation with the agent. *Parks I*, supra at 26. An underwriter for State Farm gave undisputed testimony that the policy that would have been issued on the alleged binder was identical to the policies insuring the same property that State Farm had issued to Parks in 1988 and 1991. Parks has offered no evidence of any binder terms superseding the policy conditions for filing suit.

*Cincinnati Ins. Co. v. Stuart*, 139 Ga. App. 80 (227 SE2d 771) (1976), cited by Parks, is inapposite here. In *Stuart*, no evidence was presented that an oral binder for coverage of *different* property was intended as a rider or endorsement on an existing policy, and that policy was properly excluded from evidence. Id. at 82 (1). Here, in contrast, the undisputed evidence demonstrates that the binder was intended as a renewal of a previous State Farm policy issued on the same property, and Parks relies on the provisions of that policy in his complaint.

The property damage at issue here occurred February 21, 1993. *Parks I*, supra at 27. The complaint in this action was filed September 10, 1995. Parks admitted in response to State Farm's request for admission that he did not file this action within one year of the date of damage. The one-year limitation period is valid and enforceable, *Shelter America Corp. v. Ga. Farm &c. Ins. Co.*, 209 Ga. App. 258, 259-260 (1) (433 SE2d 140) (1993), and the trial court correctly granted summary judgment on this basis.

3. Because Parks's claim fails for the reasons stated in Division 2, any issue of the real party in interest in this action is moot. If Southern General were found to be a subrogee of Parks, it would

"stand in his shoes" and assume only those claims that he has, subject to any defenses that could be asserted against him. Parks must have had some right of recovery to which Southern General could succeed by subrogation. *Travelers Ins. Co. v. Commercial Union Ins. Co.*, 176 Ga. App. 305, 309 (335 SE2d 681) (1985). Since summary judgment in State Farm's favor is proper under the terms of the policy in any event, we do not reach the issue of the real party in interest here.

*Judgment affirmed. Pope, P. J., and Eldridge, J., concur.*

DECIDED JULY 2, 1999.

*Jenkins & Nelson, Peter R. Olson*, for appellant.
*Magruder & Sumner, Clay M. White*, for appellee.