A06A0677. EASTERN CAR LINER, LTD. et al. v. KYLES.
(634 SE2d 129)

ADAMS, Judge.

Eastern Car Liner, Ltd. (ECL) and Albar Shipping & Trading Corporation (Albar) appeal from the trial court's denial of ECL's motion for summary judgment and both parties' motion for partial summary judgment.

Our review of the trial court's denial of the summary judgment motions is de novo and we construe the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant. *Valdosta Hotel Properties v. White*, 278 Ga. App. 206, 208 (628 SE2d 642) (2006). This case arises out of injuries sustained by longshoreman Ronald Kyles on January 24, 2002, onboard the cargo vessel M/V Reina Rosa, which at the time was docked at a slip on the Savannah River. Albar was the ship's owner

and ECL was the vessel's charterer. The facts underlying this incident are more completely spelled out in this Court's first opinion in this case, *Kyles v. Eastern Car Liners*, 266 Ga. App. 784 (598 SE2d 353) (2004). In that case, Kyles appealed from a grant of summary judgment to ECL and Albar. The trial court granted summary judgment on numerous grounds, finding that: (1) there was no breach of the duties under *Scindia Steam Navigation Co. v. De Los Santos*, 451 U. S. 156 (101 SC 1614, 68 LE2d 1) (1981), the landmark United States Supreme Court case that outlines the three duties that a ship owner owes a longshoreman; (2) the International Safety Management (ISM) Code did not create additional duties beyond those outlined in *Scindia*; (3) the charter party between ECL and Albar did not give rise to any additional duties; (4) Kyles' argument that the vessel's unseaworthiness for carrying kaolin breached the turnover duty was without merit; and (5) ECL had no liability in the case because time charterers such as ECL assume no liability for negligence of the crew or the unseaworthiness of the ship, absent an agreement to the contrary, and Kyles presented no evidence of such an agreement.

Kyles appealed the trial court's order, but raised arguments only as to the trial court's ruling that the defendants had breached no duties under *Scindia* or the ISM Code. Although Kyles named ECL as an appellee, Kyles did not appeal the trial court's ruling that ECL, as a time charterer, had no liability for the negligence of the crew or the unseaworthiness of the M/V Reina Rosa. This Court reversed, holding that factual issues existed as to whether the appellees had breached certain duties under *Scindia* and as to whether any duties under the ISM Code had been breached. *Kyles v. Eastern Car Liners*, 266 Ga. App. at 786-788 (2)-(5).

Upon remand, ECL and Albar moved for partial summary judgment on the ground that the Reina Rosa was not required to comply with the ISM Code until July 1, 2002, almost six months after Kyles' accident, and thus that no issue of fact existed as to whether any duties under the code were breached. In addition, ECL moved for summary judgment on the ground that time charterers such as itself are not liable for injuries to longshoremen except under clearly defined exceptions not applicable in this case. Kyles countered that this Court's prior decision in the case barred ECL and Albar from pursuing these motions under the "law of the case," as defined in OCGA § 9-11-60 (h), because they made no new evidentiary proffer in support of the motions. The trial court agreed, denying both motions in a single order, concluding that this Court's prior decision barred the summary judgment motions.

1. ECL argues that the trial court erred in denying its motion for summary judgment because this Court never considered its status as

a time charterer in reaching the earlier opinion. The trial court found that this Court's earlier ruling that a jury issue existed regarding Kyles' *Scindia* and ISM Code claims precluded the court from considering ECL's argument that it was not liable to Kyles. But the trial court had previously found under well-settled precedent that a time charterer such as ECL " 'assumes no liability for negligence of the crew or unseaworthiness of the vessel absent an agreement to the contrary,' " citing *Hendricks v. Earling Shipping Co.*, 1998 WL 684206 (S.D. Ga. 1998). See also *Hayes v. Wilh Wilhelmsen Enterprises*, 818 F2d 1557, 1559 (11th Cir. 1987); *Mallard v. Aluminum Co. of Canada*, 634 F2d 236, 242, n. 5 (5th Cir. 1981). Kyles did not appeal that ruling, and, accordingly, this Court did not address that issue on appeal. Therefore, the only "law of the case" resulting from that opinion were our holdings on the issues appealed, which related to the duties defined by *Scindia* and the ISM Code relating to ship owners. *Hopkinson v. Labovitz*, 263 Ga. App. 702, 704 (1) (a) (589 SE2d 255) (2003).[1] We conclude that nothing in this Court's earlier opinion precluded the trial court from granting summary judgment on the ground that ECL, as a time charterer, has no liability to Kyles.

The language of our prior opinion was somewhat ambiguous in purporting to include both ECL and Albar within the ambit of its holdings although the duties addressed concerned ship owners. Kyles is seeking to take advantage of that ambiguity to argue that ECL must remain in the case. But, notably, Kyles does not contend that the trial court erred in its prior conclusion that ECL, as a time charterer, was not liable on the facts presented. Moreover, we note that nothing in OCGA § 9-11-56 limits the number of times a party may make a motion for summary judgment, even without proffering additional evidence, leaving it within the trial judge's discretion to consider such motions. *Hubbard v. Dept. of Transp.*, 256 Ga. App. 342, 344 (1) (568 SE2d 559) (2002).

Accordingly, we reverse the trial court's denial of ECL's motion and hold that ECL is entitled to summary judgment on the ground that as a time charterer, it had no liability to Kyles under the facts of this case. See *Hayes v. Wilh Wilhelmsen Enterprises*, 818 F2d at 1559.

2. ECL and Albar argue that the trial court also erred in holding that they were barred from revisiting the issue of liability under the ISM Code in their motion for partial summary judgment.

In support of their motion, ECL and Albar argued that they could not be liable because the ISM Code was not even applicable to the

---

[1] Although the issue was raised by ECL on motion for reconsideration, the "law of the case rule" applies only "to actual decisions, not to issues raised, but never ruled upon." (Punctuation and footnote omitted.) *Shadix v. Carroll County*, 274 Ga. 560, 563 (1) (554 SE2d 465) (2001).

Reina Rosa until six months after Kyles' accident. The Reina Rosa was classified as a multitype or "other" cargo ship under 33 CFR § 96.210, and was not required to comply with the ISM Code until July 1, 2002. Kyles countered, however, that the motion should be denied because ECL and Albar failed to present new evidence to support their motion as required under OCGA § 9-11-60 (h). Kyles also asserts that the implementation date of the code was irrelevant because the Reina Rosa had already voluntarily attempted to comply with its requirements, and thus should be held to the code's standards.

The trial court, while acknowledging that this Court did not specifically address the applicable compliance dates of the ISM Code, determined that the Court must have implicitly considered the issue because evidence of the different compliance dates as well as a certificate showing that the Reina Rosa's compliance with the code were part of the record at the time of the first appeal. The court concluded that the motion was barred under the law of the case.

But where a "second motion for summary judgment is based on matters not involved in the decision on the first motion, 'the law of the case' is not involved." (Citation and punctuation omitted.) *Modern Roofing &c. v. Owen*, 174 Ga. App. 875, 876 (1) (332 SE2d 14) (1985). In its original order granting summary judgment to ECL and Albar, the trial court did not reach the issue of whether the ISM Code was applicable to the Reina Rosa at the time of the incident. Rather, the trial court determined that the code was not a source of additional duties and thus could not provide a basis for liability.

This Court reversed on appeal, holding that the ISM Code "changed the custom and practice of the maritime industry, which becomes another criterion relevant to the duty of reasonable care upon the ship" and which places an increased duty on a ship owner to ensure the safety of laborers such as Kyles. *Kyles v. Eastern Car Liners*, 266 Ga. App. at 787-788 (5). We found that an issue of fact existed as to whether the ISM Code had been violated in this case proximately causing Kyles' injuries. Id. at 788.

This opinion, however, did not address and the parties did not brief the issue of whether this analysis was altered by the fact that the Reina Rosa was not required to comply with the ISM Code at the time Kyles was injured. Where an issue is not previously ruled on below, enumerated as error on appeal, or discussed in a prior appellate decision, the law of the case rule is inapplicable. *Parks v. State Farm Gen. Ins. Co.*, 238 Ga. App. 814, 815-816 (1) (520 SE2d 494) (1999). We hold, therefore, that our prior decision did not preclude the trial court from considering the motion for partial summary judgment.

We now find that although the ISM Code may have increased a ship owner's duties by changing the custom and practice in the

maritime industry, it would not have altered the duties for ships such as the Reina Rosa until July 1, 2002, when the provisions of the ISM Code became applicable to that classification of vessel, approximately six months after Kyles sustained his injuries. And the Reina Rosa's efforts to comply with the code requirements prior to this implementation date do not change this analysis. One ship's voluntary compliance with these standards cannot be deemed to have changed the custom and practice of the maritime industry.

Accordingly, the trial court erred in denying the motion for partial summary judgment on Kyles' claims under the ISM Code.

*Judgment reversed. Blackburn, P. J., and Mikell, J., concur.*

DECIDED JULY 10, 2006.

*Hunter, Maclean, Exley & Dunn, Robert S. Glenn, Jr., Jessica L. McClellan,* for appellants.

*Savage, Turner, Pinson & Karsman, Robert S. Kraeuter,* for appellee.

